**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: UNASSIGNED

| | | |
|---|---|---|
| LGDK DISTRIBUTION USA INC., Plaintiff, | x | Court No. 26-4895 |
| v. | : | **COMPLAINT** |
| UNITED STATES, Defendant. | x | |

Plaintiff, LGDK Distribution USA Inc., by its attorneys, Stein Shostak Shostak Pollack & O'Hara, LLP, complains of Defendant, the United States, and alleges as follows:

## JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. §1581(a), and this action is filed within the time limits prescribed by 28 U.S.C. §2636(a)(1).

2. On September 25, 2026, through its attorneys, Plaintiff timely filed Protest No. 460126145245 at the Port of New York/Newark, New Jersey, contesting the decision by U.S. Customs and Border Protection (CBP) to exclude Entry No. EBS-1630162 containing perfume and body sprays and its decision to require exportation only to the United Arab Emirates ("U.A.E.").

3. On October 20, 2026, CBP denied the protest.

4. On October 30, 2026, Plaintiff filed the instant summons.

5. All duties and taxes are paid even though the merchandise was excluded from admission into the United States.

6. The Court's jurisdiction over all or part of the subject matter of this action is based upon Plaintiff's challenge to CBP's exclusion decision, its decision to require exportation to the United Arab Emirates and not to any country including Canada, and CBP's decision to deny Plaintiff's protests.

## PARTIES

7. Plaintiff is a Texas corporation with its principal place of business located in 5900 Balcones Dr., Suite 100, Austin, Texas 7873-14298, and is the purchaser, and consignee, of the subject merchandise. Plaintiff is related to a Canadian corporation which conducts a similar business in Canada.

8. Defendant, United States, is the proper party for decisions taken by CBP, a constituent agency of the U.S. Department of Homeland Security.

## STANDING

9. Plaintiff is the real party in interest and on this basis has standing to bring this action.

10. Plaintiff's claims are within the "zone of interests" of the underlying statute, 19 U.S.C. §1514(a), which provides for judicial review of the exclusions of merchandise from entry by CBP.

## FACTUAL BACKGROUND

11. On August 8, 2026, Plaintiff filed Entry No. EB5-1630162 containing perfumes and body sprays. CBP requested documentation to demonstrate Plaintiff was the consignee, purchaser and/or owner of the shipment. Although Plaintiff produced documentation reflecting its purchase, CBP declined to consider the information because it was produced after CBP already decided to exclude the merchandise. CBP instructed Plaintiff to export its merchandise to the country of origin, the United Arab Emirates. As depicted, U.A.E. is situated to the west of the Strait of Hormuz. Commercial shipping to the Gulf states is virtually non existent. See Exhibit 1. Notably, although CBP claimed Plaintiff did not "prove" it is the purchaser of the freight, CBP ordered Plaintiff to export these goods. This decision contradicts its decision that Plaintiff is not the owner. Peradventure, Plaintiff had to be the owner or purchaser to exercise dominion and control over the freight.

12. On August 31, 2026, CBP excluded Entry No. EB5-1630162.

13. On September 25, 2026, Plaintiff timely filed Protest No. 460126145245 contesting CBP's exclusion of Entry No. EB5-1630162 as well as

CBP's decision to require that Plaintiff export the merchandise initially to the country of origin, the U.A.E., and, then to the Port of Newark's subsequent decision to authorize exportation to any country but not to Canada, and, then, finally, the CEE's decision to reverse the Port's decision to require exportation to the U.A.E. Remarkably, the protest decision notes that the destination decision rests with port of entry not the CEE. Plaintiff informed both the port of entry personnel and the cognizant import specialists that Plaintiff's related company is located in Canada, yet CBP refused to authorize exportation to Plaintiff's related company even though the Strait of Hormuz is basically closed to ocean borne commercial transport.

14. On October 20, 2026, CBP denied Protest No. 2704-24-169327.

15. On October 30, 2026, Plaintiff filed the instant summons and complaint requesting precedence under Rules 3(g) and 7 of the Rules of the Court of International Trade.

## <u>COUNT I</u>

Incorrect Exclusion Decision
Entry No. EB5-1630162

16. Plaintiff repeats and incorporates paragraphs 1-15 by reference, as though fully stated herein.

17. Pursuant to 19 U.S.C. §1484(a)(2)(B), a purchaser or owner of merchandise has the right to make entry. The commercial invoice and bill of lading demonstrate that Plaintiff, by statute, has the right to import these goods.

18. By an Executive Order dated June 3, 2026 which imposes new, ambiguous criteria to enter and import Plaintiff's merchandise, that order is contrary to this statute. Notwithstanding this Executive Order, Plaintiff meets all the requirements imposed on U.S. business entities in that it is a U.S. based corporation and has a sufficient surety bond to protect the United States against any defaults. Moreover, inasmuch as CBP ordered Plaintiff to export goods it purchased, this decision is internally inconsistent with its decision that Plaintiff does not have the right to enter the merchandise. In other words, if Plaintiff owns the goods for purposes of exportation, then it must also have the legal authority to import them.

Plaintiff has demonstrated that it has the right to make entry.

19. CBP incorrectly excluded the perfumes and body sprays in Entry No. EB5-1630162.

20. This Court should order CBP to admit and release Entry No. EB5-1630162.

## **COUNT II**

21. Plaintiff repeats and incorporates paragraphs 1-15 by reference, as though fully stated herein.

22. Customs decision to require exportation only to the U.A.E. and not to Canada is without any legal authority. Once CBP refused admission of the goods, then Plaintiff has the right to export them to any other country including Canada. At present, there is no embargo or prohibition to export perfume or body sprays into Canada from the United States. In sum, once the goods are refused admission, Plaintiff has the legal authority to export them to any destination including exportation to its related business in Canada.

## **RELIEF**

23. WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in its favor; and order the Defendant to immediately admit and release Entry No. EB5-1630162; or, in the alternative,

(b) Enter judgment in its favor; and order the Defendant to authorize exportation of the perfume and body sprays in Entry No. EB5-1630162 to Canada and

//

//

(c) Award Plaintiff its costs, attorneys' fees and other such relief as the court deems equitable and just.

Dated: October 30, 2026

Respectfully submitted,

By: /s/ Elon A Pollack

Elon A. Pollack, Esq.
Stein Shostak Shostak Pollack & O'Hara
Attorneys for Plaintiff
445 South Figueroa Street, Suite 2388
Los Angeles, California 90017
Telephone: (213) 630-8888
Fax: (213) 630-8890
E-Mail: elon@steinshostak.com